UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CRYSTAL DENNINGTON,

    Plaintiff,

v.                    Case No. 8:19-cv-1381-T-33AEP

WAL-MART STORES EAST LP,

    Defendant.
_____/

**ORDER**

On July 8, 2018, Plaintiff Crystal Dennington was in the parking lot of one of Defendant Wal-Mart Stores East LP's locations where "she was violently attacked and robbed, causing serious bodily injury." (Doc. # 1-1 at ¶ 10). Dennington filed a negligence action against Wal-Mart in state court on May 7, 2019, and served Wal-Mart on May 17, 2019. (Doc. # 1 at ¶ 1). Wal-Mart timely removed the case on June 6, 2019, asserting that the requirements for diversity jurisdiction have been satisfied. (Id.). As discussed below, the Court *sua sponte* determines that it lacks subject matter jurisdiction over this action and remands this case to state court.

**I.**    **Legal Standard**

Before delving into the merits of any case, this Court must determine "whether subject-matter jurisdiction exists,

even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Indeed, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "Without jurisdiction the court cannot proceed at all in any cause." Id.

In removed cases, 28 U.S.C. § 1447(c) specifies, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Removal statutes are strictly construed against removal. Shamrock Oil & Gas Co. v. Sheets, 313 U.S. 100, 108 (1941). Any doubt as to propriety of removal should be resolved in favor of remand to state court. Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979).

**II. Discussion**

In the Notice of Removal, Wal-Mart predicates federal jurisdiction on the diversity provisions of 28 U.S.C. § 1332. "For federal diversity jurisdiction to attach, all parties must be completely diverse . . . and the amount in controversy must exceed $75,000." Underwriters at Lloyd's London v.

Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010). Wal-Mart has made an adequate showing concerning complete diversity of citizenship between the parties. Wal-Mart specifies that Dennington is a citizen of Florida and Wal-Mart is a citizen of Arkansas. (Doc. # 1 at ¶¶ 7-8). The basis of the Court's remand is that the amount in controversy has not been met.

In her Complaint, Dennington maintains that "[t]his is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00)." (Doc. # 1-1 at ¶ 1). Dennington asserts that as a result of Wal-Mart's alleged negligence, she suffered bodily injuries "resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of medical and nursing care and treatment, expense of hospitalization, medical expenses, loss of earning, [and] loss of ability to earn money." (Id. at ¶ 11).

The Court recognizes that Dennington generally claims to have suffered as a result of the alleged negligence on the part of Wal-Mart for failing to provide for her safety and well-being in the parking lot. However, the Court has not

been provided with sufficiently specific information about these broad categories of damages to find that the amount in controversy has been met. And, Dennington has described these categories of damages in such a vague and inexact manner that the Court would indeed be required to engage in rank speculation to ascribe any monetary value to these damages.

For instance, Dennington seeks redress for a "disability," and other damages, yet the file before the Court lacks information (beyond nebulous generalities) to support these allegations. See Robinson v. Peck, No. 1:14-cv-1628-WSD, 2014 U.S. Dist. LEXIS 159198, at *11-12 (N.D. Ga. Nov. 12, 2014)(granting motion to remand in slip-and-fall action where plaintiff "allege[d] a generic scattershot list of unspecified damages," which included personal injury, pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, impaired ability to labor, loss of earning capacity, incidental expenses, expenses for medical treatment, future medical expenses, and permanent injury).

Overall, the record is devoid of evidence to suggest that Dennington's damages from this incident exceed the $75,000 amount in controversy threshold. Cf. Kilmer v.

Stryker Corp., No. 5:14-cv-456-Oc-34PRL, 2014 U.S. Dist. LEXIS 152072, at *8-10 (M.D. Fla. Oct. 27, 2014) (denying motion to remand and finding that the jurisdictional threshold was satisfied when past medical expenses totaled $72,792.93, and the record showed that plaintiff experienced pain and suffering associated with a failed knee replacement after the accident in question).

In a case such as this, where the "plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." Roe v. Michelin N. Am. Inc., 613 F.3d 1058, 1061 (11th Cir. 2010). Wal-Mart falls well short of meeting this burden. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

This case is **REMANDED** to state court. After remand has been effected, the Clerk is directed to **CLOSE THIS CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 7th day of June, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE